UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-21688-CIV-MORENO

MICHAEL A. GENORD, M.D., et al.,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD OF MICHIGAN, a Michigan non-profit healthcare corporation,

    Defendant.
_____/

## ORDER GRANTING MOTION FOR DECLARATION AS TO THE EFFECT OF THE *LOVE* SETTLEMENT AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE came before the Court upon the Defendant's Motions for a Declaration as to the Effect of the *Love* Settlement **(D.E. No. 33)** and for Judgment on the Pleadings **(D.E. 35)**, filed on **October 22, 2008**.

THE COURT has considered the motions, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motions are GRANTED for the reasons set forth below. The Plaintiffs' Amended Complaint is hereby DISMISSED without prejudice to refile in conformance with this Order by **December 30, 2008**. All other pending motions are DENIED as moot.

### INTRODUCTION

There are twenty-three current plaintiffs (Plaintiffs) in this case, all of whom are physicians providing gynecological services in Michigan. The Plaintiffs timely opted out of the *Love*

Settlement. See, Order Approving Settlement Among Certain Blue Parties and Physicians, Physician Groups, and Physician Organizations, Certifying Class, and Directing Entry of Final Judgment, 03-21296-CIV-Moreno, D.E. 1286 (April 19, 2008) (*Love* Settlement).  They allege, on behalf of themselves and a putative class of similarly-situated Michigan physicians, that in 2002 Blue Cross and Blue Shield of Michigan (BCBSM) instructed them to use new billing codes when submitting claims, but that BCBSM then fraudulently rejected the claims.  The Plaintiffs assert violation of the Racketeer Influenced and Corrupt Organization Act (RICO), breach of contract, violation of a Michigan statute that requires the payment of clean insurance claims within 45 days, and unjust enrichment.

The MDL Panel transferred this case to this Court because it involves common questions of law and fact with the *In Re: Managed Care Litigation*.  On September 22, 2008, this Court issued an Order removing this case from civil suspense and setting a briefing schedule for the parties' motions **(D.E. 32)**.  On October 22, 2008, BCBSM filed Motions for a Declaration as to the Effect of the *Love* Settlement and for Judgment on the Pleadings.  For the reasons below, both Motions are GRANTED and the Plaintiffs' Amended Complaint **(D.E. 29)** is hereby DISMISSED without prejudice to refile in conformance with this Order.

## ANALYSIS

**I.  Motion for Declaration of the Effect of the *Love* Settlement**

BCBSM's Motion for a Declaration as to the Effect of the *Love* Settlement is an attempt to thwart the Plaintiffs' class certification efforts.  If the *Love* Settlement applies to the Plaintiffs' claims, then those claims are released as to all of the putative class members who failed to timely

opt out of the *Love* Settlement. This would mean that only the twenty-three current plaintiffs could maintain the instant suit.

The Plaintiffs attempt to distinguish their claims from those released by the *Love* Settlement. They characterize their own claims as premised on BCBSM's "intentional and systematic rejection of properly coded claims." See Plaintiff's Brief Re: Order to Show Cause at 7 **(D.E. 30)**. Thus, they allegedly differ from the claims released in *Love*, which involved BCBSM's "practice of using cost - rather than medical necessity - as the criteria for determining whether to pay providers." *Id*.

Nevertheless, the release in the *Love* Settlement specifies that it applies to all claims "that are, were, or could have been asserted against [BCBSM] by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances, or other matters referenced in the [*Love*] Action." See *Love* Settlement at 8-9. Moreover, the release specifies that it includes "without limitation," "any aspect of any fee for service claim submitted by any Class Member to [BCBSM]." *Id* at 9.

This Court has found that the *Love* Settlement applies to similar claims. Thus, the Court GRANTS BCBSM's Motion for Declaration as to the Effect of the *Love* Settlement, and specifically finds that the claims asserted in the Amended Complaint are covered by the release language in the *Love* Settlement. As a result, the current Plaintiffs in this case cannot certify a class consisting of any similarly situated physicians who failed to timely opt out of the *Love* Settlement.

**II.  Motion for Judgment on the Pleadings**

BCBSM's Motion for Judgment on the Pleadings is an attempt to thwart the Plaintiffs' claims themselves. Because these twenty-three plaintiffs timely opted out of the *Love* Settlement,

they can assert their claims against BCBSM on their own behalf. BCBSM now argues that the Plaintiffs failed to adequately plead their case in the Amended Complaint.

The standard for judgment on the pleadings is similar to that for summary judgment: it is appropriate where no issue of material fact remains unresolved and the moving party is entitled to judgment as a matter of law. *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

The Plaintiffs have alleged four counts: first, violations of RICO under 18 U.S.C. §§1962(a), (c) and (d); second, breach of contract; third, violation of MCLA 500.2006, a Michigan Statute requiring the payment of clean insurance claims within 45 days; and fourth, unjust enrichment.

BCBSM analogizes the RICO claim to the claims this Court recently dismissed in the *Solomon* case. In *Solomon*, the Court dismissed a plaintiff's RICO cause of action because the plaintiff failed to allege either fraud or conspiracy with adequate specificity. *Solomon et al. v. Blue Cross and Blue Shield Association, et al.*, 574 F.Supp.2d 1288 (S.D. Fla., May 23, 2008). BCBSM asserts that the Plaintiffs' claims also fail the relevant pleading requirements.

The Plaintiffs counter that BCBSM already raised the issue of the sufficiency of its pleadings before the Eastern District of Michigan in a 2004 Motion to Dismiss, prior to this case being transferred here by the MDL Panel. The Eastern District of Michigan denied that Motion, finding that "the amended complaint puts [BCBSM] on fair notice as to the nature of the alleged fraud, injury, and composition and control of the RICO enterprise." See Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, *Genord et al. v. Blue Cross Blue Shield of Michigan*, 03-CV-72950-DT at 13-14 (E.D. Mich. July 29, 2004), attached as Exhibit C to the Plaintiff's Response to BCBSM's Motion for a Declaration as to the Effect of the *Love* Settlement **(D.E. 40)**.

The relevant pleading standard has changed since the Eastern District of Michigan denied BCBSM's Motion to Dismiss. The Supreme Court issued its *Twombly* decision in 2007. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). This Court applied *Twombly*'s new pleading standard when dismissing the *Solomon* Complaint. BCBSM essentially wants to apply the *Twombly* standard to the Plaintiffs' Amended Complaint.

A. Predicate Acts of a Pattern of Racketeering Activity under 18 U.S.C. §1962(c)

In *Solomon*, the Court granted the Motion to Dismiss as to violations of 18 U.S.C. §1962(c), because the plaintiff failed to plead fraud with particularity, as required by FED R. CIV. P. 9(b). Here, unlike in *Solomon*, the Plaintiffs did allege at least four specific instances of mail or wire fraud against BCBSM. Essentially, the Plaintiffs allege that BCBSM sent letters and/or emails to them, directing them to use its new claims processing codes, despite knowing that these new codes would result in rejected claims. The Plaintiffs conclude that these letters and emails constituted mail or wire fraud.

Nevertheless, §1962(c) requires that a plaintiff prove that a defendant participated in an illegal enterprise "through a pattern of racketeering activity." Thus, simply specifying particular dates and contents of communications cannot automatically constitute a valid claim that a defendant violated §1962(c). Rather, in order to prove a pattern of racketeering, a plaintiff must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 109 S.Ct. 2893, 2899 (1989). "Continuity" is established for purposes of a RICO pattern where the predicates can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes. *Id*.

The Plaintiffs allege that BCBSM sent letters and emails inducing the Plaintiffs under false pretense to conform to new claims procedures, while knowing that conforming to those procedures would result in improperly rejected claims. See Amended Complaint, ¶27. BCBSM then allegedly described those rejections as symptomatic of problems with the new billing code procedures, again under false pretense. *Id*.

In sum, the plaintiffs present the Court with examples of communications from BCBSM related to new claims procedures. The new claims procedures coincided with the rejection of some insurance claims that the Plaintiffs assert were proper and should have been accepted. Thus, the Plaintiffs call those communications fraudulent. Tellingly, however, the Amended Complaint never connects the allegedly fraudulent communications to the *specific* rejection of any *individual* claims. It merely asks the Court to draw the inference that, because some claims were rejected, communications claiming that *proper* claims would be accepted constituted fraud.

These allegations fail to set forth a violation of §1962(c) that is "plausible on its face" because they do not raise a right to relief "above a speculative level." *Twombly*, 127 S. Ct. at 1965, 1974. A properly pled complaint must include more than "labels and conclusions." *Id*. at 1964-65. In particular, the *Genord* plaintiffs failed to plead that BCBSM rejected claims in connection with a plausible long-term criminal enterprise. The plaintiffs simply alleged *a priori* that BCBSM hatched a plan to fraudulently reject claims, and then labeled letters and emails related to claims procedures and rejected claims as "fraud" connected to that plan.

Because the Plaintiffs have failed to make out a plausible claim that BCBSM's communications regarding its new claims procedures were fraudulent, the Court GRANTS the

Motion for Judgment on the Pleadings as to §1962(c) and dismisses those portions of the Amended Complaint alleging violation of §1962(c) without prejudice.

> B.  Receiving Income from Participation in a Pattern of Racketeering Activity Under 18 U.S.C. §1962(a)

Section 1962(a) outlaws the reinvestment of income derived from participation in a pattern of racketeering activity. Thus, for purposes of this case, violation of §1962(a) necessarily requires a violation of §1962(c). Because the Court grants the Motion for Judgment on the Pleadings as to §1962(c), it therefore also GRANTS the Motion for Judgment on the Pleadings as to §1962(a) and dismisses without prejudice.

> C.  Conspiracy under 18 U.S.C. §1962(d)

Section 1962(d) makes it illegal for anyone to *conspire* to violate RICO. The Plaintiffs' conspiracy allegations mirror the conspiracy allegations in *Solomon*. The Amended Complaint simply does not contain adequate factual allegations about BCBSM agreeing with other entities and/or persons to engage in the ongoing criminal conduct of an enterprise. The plaintiffs' conspiracy allegations therefore fail under the new *Twombly* standard. The Court thus GRANTS the Motion for Judgment on the Pleadings as to §1962(d) and dismisses without prejudice.

> D.  State Law Claims and Supplemental Jurisdiction

Jurisdiction over this case is based on 28 U.S.C. §§1331 and 1367. The parties are all Michigan residents. Because the RICO claims are the only federal law claims, and because the Court dismisses those claims, it also declines to exercise supplemental jurisdiction over the state law claims. Therefore, Counts II through IV of the Amended Complaint are DISMISSED without prejudice to refile.

## CONCLUSION

The claims asserted in the Amended Complaint are covered by the release language in the *Love* Settlement. The Defendant's Motion for a Declaration as to the Effect of the *Love* Settlement is therefore GRANTED. As a result, the current Plaintiffs in this case cannot certify a class consisting of any similarly situated physicians who failed to timely opt out of the *Love* Settlement.

Moreover, the Defendant's Motion for Judgment on the Pleadings is also GRANTED. The Plaintiffs have failed to make out plausible claims that BCBSM engaged in a pattern of racketeering through fraudulent communications regarding its new claims procedures, that it reinvested income derived from a pattern of racketeering activity, or that it conspired to violate RICO. Having dismissed the federal law claims under RICO, the Court also declines to exercise supplemental jurisdiction over the state law claims contained in Counts II through IV of the Amended Complaint.

The Amended Complaint is hereby DISMISSED without prejudice to refile in conformance with this Order by December 30, 2008. In particular, the Plaintiff's RICO allegations must conform with the heightened pleading requirements announced in *Twombly* and applied by this Court in *Solomon*. If the Plaintiffs fail to submit an Amended Complaint by December 30, 2008, this case will be dismissed with prejudice. All other pending motions are DENIED as moot.

The Plaintiffs are cautioned, moreover, that "[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Thus, if the Plaintiffs elect to file another Amended Complaint which fails to satisfy the controlling pleading requirements, the Court shall dismiss such Amended Complaint with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of November, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record